UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY A. WHITE, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:25-cv-00561-JPH-MG |
| ZIONSVILLE COMMUNITY SCHOOLS, | ) |
|         Defendant. | ) |

**ORDER REMANDING CASE**

Plaintiff Bradley White is the father of a special needs child enrolled at Zionsville Community Schools ("ZCS"). Dkt. 1-1 at 1. In January 2024, ZCS issued a no trespass order against Mr. White, banning him from ZCS school grounds and property. *Id.*; *see* dkt. 1-3 at 7. Mr. White alleges that this order effectively bans him from "anywhere in the city and other schools and cities where there might be a student" and is therefore "illegal." Dkt. 1 at 1. He further alleges that he has unsuccessfully sought to review and challenge the underlying documentation and evidence. Dkt. 1-1 at 1–2. He filed suit in Boone County Circuit Court, seeking "removal" of the no trespass order. Dkt. 1-1; 1-2; 1-3. ZCS then removed this case to this Court. Dkt. 1. Mr. White filed a motion for remand, claiming this Court lacks subject matter jurisdiction. Dkt. 10. For the reasons below, that motion is **GRANTED.**

Federal courts are of limited jurisdiction, so "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019). When a case is removed to federal

1

court, jurisdiction is determined "by looking at the complaint as it existed at the time the petition for removal was filed." *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

      Mr. White argues that his complaint asserts "claims exclusively under Indiana law" and that he "does not assert any federal causes of action nor rely upon federal statutes or constitutional provisions." Dkt. 10 at 1. ZCS responds that the complaint invokes federal question jurisdiction, so removal was proper.[1] Dkt. 14.

      ZCS first contends that regardless of how Mr. White characterizes his claims, the allegations of state action, deprivation of a protected interest, and lack of notice or opportunity to be heard fall squarely within the framework of a federal procedural due process claim. Dkt. 14 at 3. ZCS further argues that the relief sought by Mr. White "is classically available under federal jurisprudence for violations of the Fourteenth Amendment," which further demonstrates that his complaint invokes federal question jurisdiction. *Id.* at 4. But Mr. White has explicitly disclaimed reliance on any federal law, asserting that he brings only state-law claims. *See* Dkt. 10 at 1. A plaintiff is "the

---

[1] Neither party contends that diversity jurisdiction exists. *See* 28 U.S.C. § 1332.

2

master of his claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). ZCS cannot force Mr. White to bring a federal due process claim he expressly is not raising, so the nature of the claim and relief sought do not demonstrate federal question jurisdiction. *See Hood v. Foster*, 928 F.3d 1135 (7th Cir. 1991) ("Jurisdiction may be sustained only on a theory that the plaintiff has advanced.").

ZCS next argues that federal jurisdiction is proper under the *Grable* doctrine. Dkt. 14 at 4–5. Under *Grable*, "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance authorized by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). This exception "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. In practice, "[f]ederal jurisdiction is rarely established on this basis." *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018).

Here, ZCS argues that a federal issue is "necessarily raised" because Indiana courts rely on federal constitutional law to analyze claims under the Indiana constitution's due course of law provision, and that the scope of federal

3

constitutional due process standards is actively disputed and substantial. Dkt. 14 at 4–5. The fact that Indiana courts may look to federal law when reasoning through due course of law claims based on the Indiana constitution does not mean that a federal issue is "necessarily raised." *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005); *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("*Grable* emphasized that it takes more than a federal element to open the arising under door."). To qualify under *Grable,* it must be "impossible to decide" the state law question without also deciding a federal law question. *Hartland Lakeside Joint No. 3 School Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014). That's not the case here as Indiana courts can adjudicate claims arising under the Indiana constitution without deciding a question of federal law.

In sum, Mr. White's complaint brings claims based on alleged violations of Indiana law and does not necessarily raise a substantial and actually-disputed federal issue. Because this Court does not have subject matter jurisdiction over this case, Plaintiff's motion for remand is **GRANTED**. Dkt. [10]. This case is **REMANDED** to the Boone County Circuit Court. The pending motion to dismiss, dkt. [11], is **denied without prejudice as moot**. **SO ORDERED.**

Date: 9/5/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY A. WHITE
395 Isenhour Hills Drive
Zionsville, IN 46077

All electronically registered counsel